# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) GARRY BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CV-479-JHP |
| | ) | |
| (1) RURAL WATER DISTRICT #4, | ) | |
| (2) RICK LANG, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO DISMISS AND BRIEF IN SUPPORT OF
### DEFENDANT RURAL WATER DISTRICT #4

Defendant Rural Water District #4 (the "District")[1] moves the Court, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to dismiss all causes of action set forth against it in Plaintiff's First Amended Petition. The District offers the following brief in support.

### INTRODUCTION

This case marks Plaintiff's second racial discrimination lawsuit filed in a two-year span. Plaintiff sued his former employer, the Department of Corrections (DOC), in Muskogee County District Court, alleging racial discrimination. The DOC removed the case to this Court, Case No. 13-CV-479-RAW. The DOC terminated Plaintiff after he pled guilty in a criminal case, and due to the terms of his probation, was unable to fulfill his job duties. The State initially charged Plaintiff with indecent exposure for pulling down his pants and exposing himself to his neighbors. Plaintiff eventually pled guilty to a lesser charge of outraging public decency. Plaintiff ultimately dismissed his case.

---

[1] Defendant is correctly named as the Wagoner County Rural Water District #4.

According to Plaintiff, yet another employer discriminated against him because of his race. The District hired Plaintiff on July 30, 2012 to work as a meter reader. In accordance with the District's Employee Handbook, it placed Plaintiff on a ninety-day, probationary period when he started. Plaintiff's ninety-day probationary period ended on October 28, 2012. However, due to an oversight, Plaintiff's performance evaluation did not occur until January 30, 2013. Because Plaintiff's performance evaluation occurred approximately six months after he was hired, he could have been eligible for a pay increase at this point, although Plaintiff's work performance did not justify a pay increase. In fact, the District could have terminated Plaintiff on January 30, 2013 because of his poor work performance. Instead of terminating Plaintiff, the District extended his probationary period an additional ninety days to see if his work performance would improve. The District gave Plaintiff a second chance to prove himself instead of immediately terminating him. Plaintiff's work performance never improved and the District terminated him on April 30, 2013. The Plaintiff's race played no role in the District's employment actions.

## ARGUMENTS AND AUTHORITIES

**PROPOSITION I:     PLAINTIFF'S SECTION 1981 CLAIM SHOULD BE DISMISSED.**

Plaintiff's exclusive remedy on his § 1981 claim is under § 1983. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701 (1989). The Supreme Court in *Jett* held that "§ 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." 491 U.S. at 733. The Tenth Circuit in *Bolden v. City of Topeka*, 441 F.3d 1129, 1134-37 (10th Cir. 2006) recognized the United States Supreme Court's

2

decision in *Jett* and noted that § 1983 provides the exclusive damages remedy for the rights guaranteed by § 1981.  Based on the above, Plaintiff cannot assert a claim for racial discrimination against the District under § 1981.  Plaintiff's § 1981 claim should be dismissed.

Additionally, a claim under § 1981 includes three elements: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002).  To make out a claim under § 1981, Plaintiff must show that the District intentionally or purposefully discriminated against him. *See Reynolds v. School Dist. No. 1*, 69 F.3d 1523, 1532 (10th Cir. 1995).

Plaintiff has pled no facts in support of the second element.  There are no facts included in Plaintiff's First Amended Petition that the District intentionally discriminated against him.  Plaintiff pled only some actions that were allegedly taken against him, and the fact that he is African American.  Further, Plaintiff offers a non-discriminatory reason for any adverse employment actions the District took; the District told him he was too slow reading the meters.  *See* ¶9 of Plaintiff's First Amended Petition, Doc. No. 3-13.  In light of this non-discriminatory explanation for any adverse actions the District took, and the complete lack of any averment suggesting the District intentionally discriminated against Plaintiff, his § 1981 claim should be dismissed.

**PROPOSITION II:   THE DISTRICT IS NOT A PROPER DEFENDANT.**

The District is not a proper defendant as to Plaintiff's §§ 1981 and 1983 claims.

Under the law of the Eleventh Amendment, a plaintiff cannot recover damages from a state or its agencies. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (the Eleventh Amendment limits a federal court's remedial power to prospective injunctive relief and bars retroactive awards that require payment from the state treasury).

Additionally, § 1983 allows a civil action to be brought against "every person" who, acting under color of law, deprives someone of a right guaranteed by the United States Constitution and laws. 42 U.S.C. § 1983. The terms of § 1983 demand two allegations: (1) that a "person" has deprived the plaintiff of a federal right, constitutional or statutory; and (2) that the "person" acted under color of state law when depriving the plaintiff of the federal right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). If either element is missing, then a § 1983 claim has not been pleaded. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A state or state agency is not a "person" for purposes of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989)(". . . [W]e reaffirm today . . . that a State is not a person within the meaning of § 1983."); *Toledo, Peoria & Western R.R. v. Illinois Dep't of Transp.*, 744 F.2d 1296, 1298-99 (7th Cir. 1984) (state agencies are not "persons" for purposes of Section 1983), cert. denied, 470 U.S. 1051 (1985). Section 1981, like § 1983, provides a remedy for violations by a "person." A state agency, like the District, is immune from suit for § 1981 claims. *See Freeman v. Michigan Dept. of State*, 808 F.2d 1174, 1179 (6th Cir. 1987).

The District is an agency of the State of Oklahoma. Title 82, § 1324.6 provides in part, "the district shall be a body politic and corporate and an agency and legally constituted

authority of the State of Oklahoma for the public purposes set forth in [the Rural Water, Sewer, Gas and Solid Waste Management Districts Act]."  82 O.S.2011 § 1324.6.  The District is not a "person" under §§ 1981 or 1983.  The first element of Plaintiff's § 1983 claim is missing and Plaintiff's First Amended Petition should be dismissed.

The second element of Plaintiff's § 1983 claim is missing as well.  The "under color of state law" element requires that the constitutional deprivation occurred pursuant to official policy or custom.  *Monell v. Dep't. Of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978).  Plaintiff failed to identify any specific, official policy or custom of the District that caused any constitutional deprivation.  A civil rights complaint "must not be conclusory and must set forth facts which state a claim as a matter of law."  *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993).  Both elements of a § 1983 claim are absent from Plaintiff's First Amended Petition and it should be dismissed.

## PROPOSITION III:   PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW.

Plaintiff worked for the District as an at-will employee.  Plaintiff cannot seriously contend otherwise, and he can produce no express contract or allege facts evidencing an implied contract.  Oklahoma "defines an employee-at-will as one who is hired for a period of indefinite duration."  *Dixon v. Bhuiyan*, 2000 OK 56, ¶8, 10 P.3d 888, 891.  "[A]n employer can discharge an employee for any reason, in the absence of a contractual provision to the contrary." *Bowen v. Income Producing Mgmt.*, 202 F.3d 1282, 1284 (10th Cir. 2000).

Plaintiff's vague reference to an employee handbook does not contain substantive

restrictions sufficient to form an implied contract. *See, e.g., Bowen*, 202 F.3d at 1284. A handbook that provides for progress discipline and identifies reasons for discharge is not alone sufficient to form the basis of an implied contract. *See id.* and *Miner v. Mid-America Door Co.*, 2003 OK CIV APP 32, ¶35, 68 P.3d 212, 222. Further, under Oklahoma law a clear disclaimer that the handbook does not constitute a contract nor modify the at-will employment relationship protects the employer from any such implied contract theory of recovery by a terminated employee. *See Bowen*, 202 F.3d at 1285, and *Miner*, 2003 OK CIV APP 32, ¶¶34-35, 68 P.3d at 222.

The District's Employee Handbook clearly provides that Plaintiff's employment is at-will. The handbook states:

> Please understand that this handbook highlights District policies, practices, and benefits for your personal education and cannot be construed as a legally-binding document. Oklahoma is an "*employment at will*" state, therefor an employees's employment relationship and compensation can be terminated at will, without cause and without notice at any time at the option of either [the District] or the employee.
>
> No manager or representative of [the District] has the authority to enter into any agreement for employment for a specified period of time, nor to make any agreement which may be construed as contrary to this paragraph. This handbook is not intended to constitute a contract of employment or a guarantee of the benefits or policies stated herein.

***

3.   **Employment at Will:**
       Oklahoma is an Employment-at-Will state, which means that each employee serves at the pleasure of his/her employer and may be terminated at any time with or without cause.

Plaintiff does not and cannot allege that this disclaimer is not clear or unambiguous,

6

nor that any action taken by the District negated the efficacy of such disclaimer. Plaintiff has failed to allege any legitimate exception to Oklahoma's employment-at-will doctrine which could entitle him to relief against the District for breach of contract. Further, Plaintiff failed to allege necessary facts that could state a claim for an implied contract for employment in light of Oklahoma's clear at-will employment doctrine. Simply alleging broad conclusions that a handbook creates an implied contract of employment is not enough to actually state a claim for breach of contract. Plaintiff's breach of contract claim should be dismissed for failure to state a claim.

### CONCLUSION

Section 1983 provides the exclusive remedy for violation of the rights guaranteed in § 1981. Thus, Plaintiff's racial discrimination claim under § 1981 should be dismissed. The District is not a "person" for purposes of Plaintiff's racial discrimination claim under § 1983. As a result, Plaintiff cannot maintain a viable racial discrimination claim against the District. Likewise, Plaintiff cannot maintain a viable breach of contract claim against the District. Plaintiff was an at-will employee. The District's Employee Handbook made this fact clear. No express or implied employment contract existed, and therefore, cannot be breached.

WHEREFORE, premises considered, Defendant Rural Water District #4 respectfully requests an order from this Court dismissing Plaintiff's First Amended Petition together with such further relief this Court deems just.

Respectfully submitted,

_s/_ Sterling E. Pratt
Brion B. Hitt, OBA #19120
    bbhitt@fentonlaw.com
Sterling E. Pratt, OBA #22276
    sepratt@fentonlaw.com
FENTON, FENTON, SMITH, RENEAU & MOON
211 North Robinson, Suite 800N
Oklahoma City, OK 73102
(405) 235-4671
(405) 235-5247 (Fax)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This will certify that on the 14th day of December, 2015, I electronically transmitted the attached document to the Clerk of the Court using ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the to the following recipients:

Brendan M. McHugh, OBA #18422
P.O. Box 1392
Claremore, OK 74018
(918) 283-4542
(918) 803-4910 (Fax)
brendan@lawinok.com
**ATTORNEY FOR PLAINTIFF**

_s/_ Sterling E. Pratt
Sterling E. Pratt

8