UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) GARRY BARNES,            )
                             )
          Plaintiff,         )
                             )
vs.                          )    Case No. 15-CV-479-JHP
                             )
(1) RURAL WATER DISTRICT #4, )
(2) RICK LANG, Individually, )
                             )
          Defendants.        )

### MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANT RICK LANG

Defendant Rick Lang moves the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss all claims set forth against him in Plaintiff's First Amended Petition. Lang offers the following brief in support.

### INTRODUCTION

Lang is the Operations Manager for the Wagoner County Rural Water District #4 (the "District"). Plaintiff is a former employee. The District terminated Plaintiff on April 30, 2013 because he failed to improve at his job.

### ARGUMENTS AND AUTHORITIES

**PROPOSITION I:  PLAINTIFF'S CLAIMS AGAINST LANG ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

Plaintiff filed his original Petition in the District Court of Wagoner County on February 23, 2015. Plaintiff named only the District as a defendant. *See* Doc No. 3-1. Plaintiff's Petition included a purported claim for racial discrimination against the District. Plaintiff filed his First Amended Petition on November 30, 2015. *See* Doc. No. 3-13.

Plaintiff's First Amended Petition added Lang as a defendant and included new causes of action against Lang for malicious interference with contractual relationship and racial discrimination. All of Plaintiff's claims against Lang are time-barred.

### A. Malicious Interference with Contractual Relationship.

A claim for tortious or malicious interference with contract is governed by a two-year statute of limitations. 12 O.S.2011 § 95(3); *Champagne Metals v. Ken-Mac Metals, Inc.*, 2004 U.S. Dist. LEXIS 27313, *93 (W.D. Okla. 2004) citing *Neff v. Willmott, Roberts & Looney*, 1935 OK 119, ¶10, 41 P.2d 86, 88. The limitations period begins to run as soon as the interference is fully accomplished. *Neff*, 1935 OK 119, ¶10, 41 P.2d at 88.

The District terminated Plaintiff on April 30, 2013. Plaintiff had until April 30, 2015 to file a malicious interference claim. Plaintiff did not file such a claim until November 30, 2015, well over two years after the District terminated Plaintiff. Plaintiff's malicious interference claim against Lang is time-barred and should be dismissed.

### B. Racial Discrimination.

Plaintiff's First Amended Petition included a claim of racial discrimination against Lang under 42 U.S.C. §§ 1981 and 1983. In Oklahoma, the statute of limitations period for §§ 1981 and 1983 claims is the two-year limitation for an "action for injury to the rights of another" under 12 O.S.2011 § 95(3). *Abbitt v. Franklin*, 731 F.2d 661, 663 (10th Cir. 1984); *EEOC v. Gaddis*, 733 F.2d 1373, 1377 (10th Cir. 1984).

Plaintiff's racial discrimination claim against Lang is time-barred. As noted, the District terminated Plaintiff on April 30, 2013. He had until April 30, 2015 to file a claim

against Lang. Plaintiff did not file any claims against Lang until November 30, 2015, well after the statute of limitations expired. Plaintiff's racial discrimination claim against Lang should be dismissed.

### C.     Relation Back

Plaintiff may argue that his newly asserted claims against Lang relate back to the filing of his original Petition on February 23, 2015. Rule 15 governs relation back of amendments. Under Rule 15(c)(3), an amendment relates back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted if (1) the claim arose out of the conduct, transaction or occurrence set forth in the original pleadings; (2) the party to be joined received such notice that it will not be prejudiced in maintaining a defense; (3) the party to be joined knew or should have known that but for a mistake of identity the action would have been brought against it; and (4) the second and third requirements have been fulfilled within the prescribed period for service of process - 120 days after the filing of the original complaint under Rule 4(m). *Spicer v. New Image Int'l, Inc.*, 447 F. Supp. 2d 1226, 1233 (D. Kan. 2006). *All four conditions must be satisfied for the amendment to relate back*. *Blackwell v. Harris Chem. N. Am., Inc.*, 11 F. Supp. 2d 1302, 1307 (D. Kan. 1998).

Here, Plaintiff's failure to name Lang as a defendant in his original Petition was not a "mistake" in identifying the proper parties as contemplated under Rule 15. The *Spicer* court explained:

> A mistake does not exist just because plaintiff omitted a potentially liable party from the original complaint. *See Garrett v. Fleming*, 362 F.3d 692, 696-97

3

(10th Cir. 2004). The Tenth Circuit has stated that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(3)(B)." *Id.* at 696; *see also In re Estate of Kout*, 241 F. Supp.2d at 1192 (failure to name defendant which stems from lack of knowledge does not permit relation back); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 746 F. Supp. 40, 43 (D. Kan. 1990) (relation back does not apply where plaintiff is aware of potential defendant but unsure about its potential liability). In *Garrett*, the Tenth Circuit further cited the Advisory Committee Notes to Rule 15(c)(3) which stated that the mistake proviso was included "in order to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'" *Id.* at 696-97 (citations omitted); *see also Ferreira v. City of Pawtucket*, 365 F. Supp.2d 215 (D.R.I. 2004) (lack of knowledge about identity of defendant not "mistake").

*Spicer*, 447 F. Supp. 2d at 1233.

The instant case does not involve a misnomer or misidentification of a party. Plaintiff just decided to add Lang as a defendant after he determined that Lang might be liable. This is not a circumstance under which Rule 15(c) contemplates relation back to the original pleading. Plaintiff's First Amended Petition alleges no facts whatsoever that constitute grounds for relation back. All of Plaintiff's claims against Lang are time-barred and should be dismissed.

**PROPOSITION II:    PLAINTIFF'S "OFFICIAL CAPACITY" CLAIM AGAINST LANG SHOULD BE DISMISSED.**

Plaintiff's First Amended Petition is less than clear as to whether Lang is being sued in his individual or official capacity. To the extent that Plaintiff's racial discrimination claim is asserted against Lang in his official capacity, or as an employee of the District, Plaintiff's claim should be dismissed.

In order to sue a public official in his or her individual capacity, a plaintiff must

expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity. *Rumery v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Because § 1983 liability exposes public servants to civil liability and damages, only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. *See Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Absent such an express statement, the suit is construed as being against the defendants in their official capacity. *Rumery*, 172 F.3d at 535. When an officer is sued under § 1983 in his official capacity, the suit is simply "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Further, Plaintiff cannot rely on a respondeat superior theory to hold a municipality liable for individual actions of its officers. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Plaintiff's suit against Lang in his official capacity is the equivalent of a direct suit against the District. As such, there is no need to bring suit against Lang and Plaintiff's claims against him should be dismissed.

Alternatively, Plaintiff's "official capacity" claim against Lang fails as a matter of law because Lang lacks "final policy making authority." *See Gross v. City of Grand Prairie, Tex.*, 181 F.3d 613, 615 (5th Cir. 1999). In determining whether an officer has such authority, the Supreme Court in *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 (1988) stated, "[S]tate law. . . will *always* direct a court to some official or body that has the responsibility for making law or setting policy in any given area of a local government's

business."

Under Oklahoma law, the board of directors is the governing body of the District. *See* 82 O.S.2011 § 1324.9. "The board shall adopt such rules in conformity with the provisions of this act and the bylaws of the district as are deemed necessary for the conduct of the business of the district." *Id.* The board, not Lang, has the final policy making authority for the District. Plaintiff's racial discrimination claim against Lang in his "official capacity" should be dismissed. Plaintiff's First Amended Petition fails to provide any facts supporting his belief that Lang has "official capacity" to set the District's official policies.

**PROPOSITION III.   LANG IS ENTITLED TO QUALIFIED IMMUNITY.**

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Douglas v. Dobbs*, 419 F.3d 1097, 1100 (10th Cir. 2005), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Upon a public official's assertion of a qualified immunity defense, plaintiff bears a "heavy burden" under a two-pronged analysis in order to defeat the public official's asserted immunity. *Hull v. Colorado Bd. of Governors of Colorado State Univ. Sys.*, 805 F. Supp. 2d 1094, 1108 (D. Colo. 2011) (citing *Buck v. City of Albuquerque*, 549 F.3d 1269, 1277 (10th Cir. 2008). The protections of qualified immunity extend to precluding the common pangs of litigation, including discovery. *See Rooks v. State ex rel. Oklahoma Corp. Comm'n.*, 1992 OK CIV APP 155, ¶6 842 P.2d 773, 776.

To the extent Lang is considered a government official, he is entitled to a presumption of immunity. *Rooks*, 1992 OK CIV APP 155, ¶8, 842 P.2d at 777. Plaintiff's First Amended Petition does not overcome this presumption. Plaintiff's First Amended Petition offers only the most general conclusory allegations with no real factual averments supporting his contentions. Plaintiff's First Amended Petition fails to allege facts that would deprive Lang of the protection provided by his presumed qualified immunity. Plaintiff's First Amended Petition should be dismissed in its entirety as to Lang.

## CONCLUSION

All of Plaintiff's causes of action against Lang are time-barred. The District terminated Plaintiff on April 30, 2015. He did not file suit against Lang until November 30, 2015, well after the statute of limitations expired. Plaintiff's causes of action do not relate back to his original Petition. Omitting a potentially liable party from the original complaint does not constitute a mistake. Even if Plaintiff's causes of action were not time-barred, they should be dismissed. Plaintiff's "official capacity" claim against Lang is superfluous. An "official capacity" claim is a direct claim against the District. Additionally, Lang is entitled to qualified immunity. Alternatively, Lang lacks final policy making authority and Plaintiff's "official capacity" claim fails as a matter of law.

WHEREFORE, premises considered, Defendant Rick Lang respectfully requests an order from this Court dismissing Plaintiff's First Amended Petition together with such further relief this Court deems just.

Respectfully submitted,

*s/* Sterling E. Pratt
Brion B. Hitt, OBA #19120
bbhitt@fentonlaw.com
Sterling E. Pratt, OBA #22276
sepratt@fentonlaw.com
FENTON, FENTON, SMITH, RENEAU & MOON
211 North Robinson, Suite 800N
Oklahoma City, OK 73102
(405) 235-4671
(405) 235-5247 (Fax)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This will certify that on the 14th day of December, 2015, I electronically transmitted the attached document to the Clerk of the Court using ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the to the following recipients:

Brendan M. McHugh, OBA #18422
P.O. Box 1392
Claremore, OK 74018
(918) 283-4542
(918) 803-4910 (Fax)
brendan@lawinok.com
**ATTORNEY FOR PLAINTIFF**

*s/* Sterling E. Pratt
Sterling E. Pratt