# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

GARRY BARNES,                )
                             )
    Plaintiff,           )
                             )
vs.                          )   Case No. 15-CV-479-JHP
                             )
WAGONER COUNTY RURAL         )
WATER DISTRICT NO. 4 and     )
RICK LANG, Individually,     )
                             )
    Defendants.          )

## OPINION AND ORDER

Before the Court is the Motion to Dismiss and Brief in Support of Defendant Wagoner County Rural Water District No. 4 (Doc. No. 5). After consideration of the brief, and for the reasons stated below, the motion is **GRANTED.**

## BACKGROUND

Defendant Wagoner County Rural Water District No. 4 ("District") hired Plaintiff on July 30, 2012 to work as a meter reader and maintenance man. The District terminated Plaintiff on April 30, 2013. Plaintiff filed an action against District in the District Court of Wagoner County, State of Oklahoma on February 23, 2015. Plaintiff sued District for alleged racial discrimination in violation of 42 U.S.C. § 1981. Plaintiff filed a First Amended Petition in the District Court of Wagoner County, State of Oklahoma on November 30, 2015. Plaintiff sued District for alleged racial discrimination in violation of 42 U.S.C. §§ 1981 and 1983. Plaintiff's First Amended Petition also included a state law claim for breach of contract against District.

The case was removed to this Court on December 8, 2015. District filed its motion to dismiss on December 14, 2015. District moved to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

## DISCUSSION

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Tenth Circuit has stated that "plausibility" in this context refers "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 569). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

**I:     Racial Discrimination**

   **A.     Plaintiff's § 1981 Claim.**

Plaintiff's exclusive remedy on his § 1981 claim is under § 1983. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701 (1989). The Supreme Court in *Jett* held that "§ 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." 491 U.S. at 733. The Tenth Circuit in *Bolden v. City of Topeka*, 441 F.3d 1129, 1134-37 (10th Cir. 2006) recognized the United States Supreme Court's decision in *Jett* and noted that § 1983 provides the exclusive damages remedy for the rights guaranteed by § 1981. Based on the above, Plaintiff cannot assert a claim for racial discrimination against the District under § 1981.

Moreover, a claim under § 1981 includes three elements: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002). To make out a claim under § 1981, a plaintiff must show intentional or purposeful discriminattion against him. *See Reynolds v. School Dist. No. 1*, 69 F.3d 1523, 1532 (10th Cir. 1995).

Plaintiff pled no facts showing an intent to discriminate by District. There are no facts included in Plaintiff's First Amended Petition that District intentionally discriminated against Plaintiff. Plaintiff pled only actions that were allegedly taken against him, and the fact that he is African American. Plaintiff's First Amended Petition fails to comply with the above standard for pleading set forth in *Ashcroft* and *Twombly*.

## B. Plaintiff's § 1983 claim.

Section 1983 allows a civil action to be brought against "every person" who, acting under color of law, deprives someone of a right guaranteed by the United States Constitution and laws. 42 U.S.C. § 1983. The terms of § 1983 require the following: (1) that a "person" has deprived the plaintiff of a federal right, constitutional or statutory; and (2) that the "person" acted under color of state law when depriving the plaintiff of the federal right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). If either element is missing, then a § 1983 claim has not been pleaded. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A state or state agency is not a "person" for purposes of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989)(". . . [W]e reaffirm today . . . that a State is not a person within the meaning of § 1983."); *Toledo, Peoria & Western R.R. v. Illinois Dep't of Transp.*, 744 F.2d 1296, 1298-99 (7th Cir. 1984) (state agencies are not "persons" for purposes of Section 1983), cert. denied, 470 U.S. 1051 (1985). Section 1981, like § 1983, provides a remedy for violations by a "person." A state agency is immune from suit for § 1981 claims. *See Freeman v. Michigan Dept. of State*, 808 F.2d 1174, 1179 (6th Cir. 1987).

The District is an agency of the State of Oklahoma. Title 82, § 1324.6 provides in part, "the district shall be a body politic and corporate and an agency and legally constituted authority of the State of Oklahoma for the public purposes set forth in [the Rural Water, Sewer, Gas and Solid Waste Management Districts Act]." 82 O.S.2011 § 1324.6. The District is not a "person" under § 1983. The first element of Plaintiff's § 1983 claim is absent.

The second element of Plaintiff's § 1983 claim is absent as well. The "under color of state law" element requires that the constitutional deprivation occurred pursuant to official policy or custom. *Monell v. Dep't. Of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978). Plaintiff failed to identify any specific, official policy or custom of District that caused any constitutional deprivation. A civil rights complaint "must not be conclusory and must set forth facts which state a claim as a matter of law." *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993). Both elements of a § 1983 claim are absent from Plaintiff's First Amended Petition.

## II. BREACH OF CONTRACT CLAIM

Oklahoma is an at-will employment State. Oklahoma "defines an employee-at-will as one who is hired for a period of indefinite duration." *Dixon v. Bhuiyan*, 2000 OK 56, ¶8, 10 P.3d 888, 891. "[A]n employer can discharge an employee for any reason, in the absence of a contractual provision to the contrary." *Bowen v. Income Producing Mgmt.*, 202 F.3d 1282, 1284 (10th Cir. 2000).

Count III of Plaintiff's First Amended Petition only contains labels and conclusions, a formulaic recitation of the elements of a cause of action and naked assertions lacking supportive facts, which *Ashcroft* and *Twombly* prohibit. Accordingly, the motion to dismiss of District is granted.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss of District (Doc. No. 5) is **GRANTED.**

**IT IS SO ORDERED** this 22nd day of April, 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma