# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

GARRY BARNES, )
        Plaintiff, )
vs. ) Case No. 15-CV-479-JHP
WAGONER COUNTY RURAL )
WATER DISTRICT NO. 4, and )
RICK LANG, Individually, )
        Defendants. )

## OPINION AND ORDER

Before the Court is the Motion to Dismiss and Brief in Support of Defendant Rick Lang (Doc. No. 6). After consideration of the brief, and for the reasons stated below, the Motion of Lang is **GRANTED.**

## BACKGROUND

Defendant Wagoner County Rural Water District No. 4 ("District") hired Plaintiff on July 30, 2012 to work as a meter reader and maintenance man. The District terminated Plaintiff on April 30, 2013. Plaintiff filed an action against District in the District Court of Wagoner County, State of Oklahoma on February 23, 2015. Plaintiff sued District for alleged racial discrimination in violation of 42 U.S.C. § 1981. Plaintiff filed a First Amended Petition in the District Court of Wagoner County, State of Oklahoma on November 30, 2015. Plaintiff added Lang as a defendant. Plaintiff sued District and Lang for alleged racial discrimination in violation of 42 U.S.C. §§ 1981 and 1983. Plaintiff's First Amended Petition also included

state law claims for malicious interference with contractual relationship against Lang and breach of contract against District.

The case was removed to this Court on December 8, 2015. Lang filed his motion to dismiss on December 14, 2015. Lang moved to dismiss Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which any relief can be granted as a matter of law.

## DISCUSSION

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Tenth Circuit has stated that "plausibility" in this context refers "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 569). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

2

assertion[s]' devoid of further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

## I. Statute of Limitations

Lang asserts all of Plaintiff's claims are barred by the applicable statute of limitations. As noted, Plaintiff added Lang as a defendant when he filed his First Amended Petition on November 30, 2015.

### A. Racial Discrimination.

Plaintiff's First Amended Petition includes a claim of racial discrimination against Lang under 42 U.S.C. §§ 1981 and 1983. Under Oklahoma law, the statute of limitations period for §§ 1981 and 1983 claims is the two-year limitation for an "action for injury to the rights of another" under 12 O.S.2011 § 95(3). *Abbitt v. Franklin*, 731 F.2d 661, 663 (10th Cir. 1984); *EEOC v. Gaddis*, 733 F.2d 1373, 1377 (10th Cir. 1984).

Plaintiff's racial discrimination claim against Lang is time-barred. District terminated Plaintiff on April 30, 2013. He had until April 30, 2015 to file a claim against Lang. Plaintiff did not file any claims against Lang until November 30, 2015, well after the two-year statute of limitations expired.

### B. Malicious Interference with Contractual Relationship.

Under Oklahoma law, a claim for tortious or malicious interference with contract is governed by a two-year statute of limitations. 12 O.S.2011 § 95(3); *Champagne Metals v. Ken-Mac Metals, Inc.*, 2004 U.S. Dist. LEXIS 27313, *93 (W.D. Okla. 2004) citing *Neff v. Willmott, Roberts & Looney*, 1935 OK 119, ¶10, 41 P.2d 86, 88. The limitations period

begins to run as soon as the interference is fully accomplished. *Neff*, 1935 OK 119, ¶10, 41 P.2d at 88.

Again, District terminated Plaintiff on April 30, 2013. Plaintiff had until April 30, 2015 to file a malicious interference claim against Lang. Plaintiff did not file such a claim until November 30, 2015, well after the two-year statute of limitations expired.

Plaintiff argues that his claims against Lang relate back to the filing of his original Petition on February 23, 2015. Federal Rule of Civil Procedure 15 governs relation back of amendments. Under Rule 15(c)(3), an amendment relates back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted if (1) the claim arose out of the conduct, transaction or occurrence set forth in the original pleadings; (2) the party to be joined received such notice that it will not be prejudiced in maintaining a defense; (3) the party to be joined knew or should have known that but for a mistake of identity the action would have been brought against it; and (4) the second and third requirements have been fulfilled within the prescribed period for service of process - 120 days after the filing of the original complaint under Rule 4(m). *Spicer v. New Image Int'l, Inc.*, 447 F. Supp. 2d 1226, 1233 (D. Kan. 2006). All four conditions must be satisfied for the amendment to relate back. *Blackwell v. Harris Chem. N. Am., Inc.*, 11 F. Supp. 2d 1302, 1307 (D. Kan. 1998).

Here, Plaintiff's failure to name Lang as a defendant in his original Petition was not a "mistake" in identifying the proper parties as contemplated under Rule 15. Plaintiff's First Amended Petition alleges no facts that constitute grounds for relation back. Additionally, the

second and third requirements were not fulfilled within 120 days of Plaintiff's original Petition. Well over two hundred days elapsed between Plaintiff's original Petition and First Amended Petition. Accordingly, the motion to dismiss of Lang is granted.

## II. Plaintiff's Official Capacity Claim Against Lang

Even if Plaintiff's claims against Lang were not time barred, his claims would be dismissed. To the extent that Plaintiff's racial discrimination claim is asserted against Lang in his official capacity, or as an employee of the District, Plaintiff's claim is subject to dismissal.

In order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity. *Rumery v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Because § 1983 liability exposes public servants to civil liability and damages, only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. *See Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Absent such an express statement, the suit is construed as being against the defendants in their official capacity. *Rumery*, 172 F.3d at 535. When an officer is sued under § 1983 in his official capacity, the suit is simply "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Further, a plaintiff cannot rely on a respondeat superior theory to hold a municipality liable for individual actions of its officers. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Plaintiff's suit against Lang in his official capacity is the equivalent of a direct suit against District. Accordingly, Plaintiff's claims against Lang are dismissed.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss of Lang (Doc. No. 6) is **GRANTED.**

**IT IS SO ORDERED** this 22nd day of April, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma